UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HERIBERTO PONCE & ALMA PONCE,

        Plaintiffs,

    v.

WELLS FARGO, SPECIALIZED LOAN SERVICING, LLC, CARVAL INVESTORS, RESIDENTIAL INVESTMENTS, LLC, AMERICAN RESIDENTIAL REALTY, and DOES 1 through 100, inclusive,

        Defendants.

NO. CIV. S-13-0498 LKK/DAD PS

<u>O R D E R</u>

Defendants have moved, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss plaintiffs' First Amended Complaint (the "Complaint") on the grounds that it fails to state a claim upon which relief can be granted. The motion is scheduled to be heard on June 17, 2013. For the reasons that follow, the hearing will be vacated, and plaintiffs will be ordered to show cause why this case should not

////

////

1

be dismissed for lack of federal jurisdiction.[1]

**1.  Federal Question.**

The Complaint alleges that the case "arises under the laws of the United States and presents a federal question within this court's jurisdiction to hear this matter pursuant to the Emergency Economic Stabilization Act of 2008, Troubled Asset Relief Program (TARP) and 28 U.S.C. § 1331." However, the remainder of the complaint alleges only state law causes of action.[2] Although some of the claims assert as part of their factual predicate that defendants did not comply with federal guidelines meant to avoid foreclosures – the "Making Home Affordable (MHA) program," and the "Home Affordable Modification Program (HAMP)" – the Complaint does not assert or describe any federal cause of action.[3] Accordingly,

---

[1] This court has an independent obligation to examine its jurisdiction, and to so sua sponte if neither side addresses it. See, e.g., Demery v. Kupperman, 735 F.2d 1139, 1149 (9th Cir. 1984), cert. denied, 469 U.S. 1127 (1985) ("Even when neither party has raised an objection to a federal court's subject-matter jurisdiction, the court has an obligation to consider the issue sua sponte, and to consider it fully"); Elsaas v. County of Placer, 35 F. Supp. 2d 757, 759 (E.D. Cal. 1999) (Karlton, J.) (same).

[2] The state claims are: (1) wrongful foreclosure; (2) breach of contract; (3) breach of implied-in-fact contract; (4) promissory estoppel; (5) fraud; (6) negligent misrepresentation; (7) negligence; and (8) unfair business practices under Cal. Bus. & Prof. Code § 17200.

[3] See, e.g., Akil v. Carrington Mortg. Services, LLC, 2012 WL 3231330 at * (E.D. Cal. 2012) (Burrell, Jl.) ("'no federal question [is] presented merely because [some of Plaintiffs'] state law claims may incorporate or turn upon allegations of HAMP violations'"), quoting Carlos v. Bank of America Home Loans, 2011 WL 166343, at *1 (C.D. Cal. 2011); Oliver v. U.S. Bank, N.A., 2012 WL 2376677 at *2 (N.D. Cal. 2012) ("This Court has previously held that state-law contract claims alleging violations of HAMP Guidelines do not create federal question jurisdiction").

there appears to be no federal question jurisdiction.

**2. Diversity.**

The Complaint alleges that the court may exercise diversity jurisdiction in this case under 28 U.S.C. § 1332. Complaint ¶ 2. Diversity jurisdiction depends upon the citizenship of all the parties. See 28 U.S.C. § 1332. However, defendant fails to allege the citizenship of the defendants, Wells Fargo (defendant identifies itself as "Wells Fargo Bank, N.A."), or Specialized Loan Servicing, LLC.[4] As for plaintiff Heriberto Ponce, the Complaint alleges that he has a residence in California. See Complaint ¶ 4.

The court is unable to determine from the allegations of the Complaint that complete diversity exists between the parties.[5]

**3. Order To Show Cause.**

For the reasons stated above,

   a.   The June 17, 2013 hearing on defendant's Rule 12(b)(6) motion to dismiss is hereby **VACATED;**

   b.   Plaintiffs are **Ordered To Show Cause** – no later than June 26, 2013 at 4:30 p.m., in a writing not to exceed fifteen (15)

---

[4] However, this court has previously held that Wells Fargo Bank, N.A., is a citizen of California (as well as North Dakota). See, e.g., Taheny v. Wells Fargo Bank, N.A., 878 F. Supp. 2d 1093, 1109 (E.D. Cal. 2012) (Karlton, J.); see also, Rouse v. Wachovia Mortg., FSB, 2012 WL 174206 (C.D. Cal. 2012) (same), appeal docketed, No. 12-55278 (9th Cir. Feb. 9, 2012).

[5] The Complaint also asserts that this court "has jurisdiction under the Administrative Procedures Act ["APA"], 5 U.S.C. § 702." Complaint ¶ 3. The APA provides for judicial review "of agency action." 5 U.S.C. § 702. The Complaint, however, fails to allege any agency action, and accordingly, there appears to be no federal jurisdiction under this provision.

1  pages – why this case should not be dismissed for lack of federal
2  jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).
3      IT IS SO ORDERED.
4      DATED: June 12, 2013.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4